### WILLIAM ZWINGE v. JOHN B. SCARLETT ET UX.

Submitted July 1, 1915—Decided December 1, 1915.

1. S., owning a farm, hired plaintiff to work thereon. During the period of plaintiff's employment, the title to the farm was transferred to the wife of S., but there was no change in the possession thereof. At or about the time of the transfer, the wife verbally assured the plaintiff that she would see to it that he would get his pay for his services and told him to go right on working. *Held,* that plaintiff's claim against the wife for wages due for work done after the transfer of the title of the farm to her was unenforceable under the statute of frauds.
2. A verdict for the plaintiff for the full amount of his claim cannot be sustained, when he has abandoned a portion thereof at the trial.

On defendants' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the rule, *Philip J. Schotland.*

*Contra, John A. Bernhard.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought against the defendants to recover wages claimed to be due from them jointly to the plaintiff for work done upon their

farm from October 1st, 1905, to October 1st, 1913, at the rate of $25 per month, with interest thereon, amounting altogether to $2,491. Plaintiff admitted, by the statement of account annexed to his complaint, payments totaling $200, making the amount actually claimed by him $2,291. At the trial he abandoned his claim of joint liability against both defendants, and sought to recover against the husband on a contract of hiring made by him alone, and which terminated October 1st, 1912; and against the wife on a similar contract alleged to have been made between her and the plaintiff on or about the date last mentioned, and terminating a year later. The trial resulted in a verdict for $2,575.36 against the husband and $318 against the wife.

In order to show a right of action against the wife plaintiff proved that about the 1st of October, 1912, the title to the farm was transferred from Mr. Scarlett to her, and testified that about the same time he had a conversation with her in which she said to him: "You will get your pay, I will see you get your pay, you keep working, you will get your pay." He further testified that in the following February he had another conversation with her; that she then said: "Billy, we are in a little trouble now, but don't be afraid. I will see you will get your payments; I will see to it you will get your payments." The undisputed proof in the case was that up to the time of the transfer of the title the farm was used by Mr. Scarlett as a summer home for himself and his family. There is no suggestion in the evidence that there was any change in the possession of the farm after the conveyance to Mrs. Scarlett, either by her assumption of its maintenance and operation, or in any other way. On the contrary, Mr. Scarlett seems to have remained as fully in control after as before the conveyance. This being so, the promises of Mrs. Scarlett, which, on their face, applied to wages past due as well as to those thereafter to accrue, were promises to pay the debt of her husband, and were unenforceable under the statute of frauds, even if not beyond her power as a married woman to make. The verdict against Mrs. Scarlett must therefore be set aside.

As to the verdict against Mr. Scarlett. The total amount claimed by the plaintiff against both defendants for his whole term of service from October 1st, 1905, to October 1st, 1913, was, as has already been stated, $2,291, including interest to the latter date. The limit of his recovery, therefore, for such service was the sum mentioned, with interest to the date of the trial (February 11th, 1915), viz., $198.55, making $2,489.55 in all. The verdict against Mr. Scarlett ($2,575.36), therefore, was about $85 in excess of the plaintiff's whole claim. In addition to this, plaintiff at the trial having abandoned any claim of right to hold Mr. Scarlett for wages earned during the year October 1st, 1912, to October 1st, 1913, could not in this action recover from him wages for that period. Stated in another way, the extent of the plaintiff's right of recovery against Mr. Scarlett was for seven years' wages, or seven-eighths of the total amount of the claim set out in his complaint in the cause—that is to say, seven-eighths of $2,489.55, which is the sum of $2,178.35.

The testimony in the case fully supports the finding of the jury, so far as it determines the right of the plaintiff to recover from Mr. Scarlett the full amount claimed against him for the seven years' service. This being so, and it being desirable that the necessity of another trial be obviated, if possible, we have determined that if the plaintiff will agree to reduce his verdict against Mr. Scarlett to $2,178.35, he may enter judgment against him for that sum, with interest thereon from the date of the trial; provided he will also consent that a judgment of no cause of action be entered in favor of Mrs. Scarlett. Otherwise, the rule to show cause will be made absolute.